IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE KAFOUROS,<br><br>    Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of<br>Social Security,<br><br>    Defendant.<br>_____/ | No.  CIV.S-02-1498 GEB DAD<br><br>FINDINGS AND RECOMMENDATIONS<br><br>RE PETITION FOR ATTORNEY FEES |

Plaintiff brought this action seeking judicial review of an administrative decision denying his claim for disability benefits under the Social Security Act.  See 42 U.S.C. §§ 405(g) and 1383(c). The action has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(c)(15).

By previous order of the district court, the decision of the Commissioner of Social Security ("Commissioner") denying benefits was reversed and this matter was remanded for further proceedings. Plaintiff has now filed a petition for attorney fees under the Equal

1

1   Access to Justice Act (EAJA), 28 U.S.C. § 2412.  Plaintiff seeks an
2   award of approximately $10,000.  Plaintiff's petition claims 69.65
3   hours of attorney time.
4           Attorney fees under EAJA are set at the market rate, but
5   capped at $125.00 per hour.  See Atkins v. Apfel, 154 F.3d 986, 987
6   (9th Cir. 1998)(citing 28 U.S.C. § 2412(d)(2)(A)).  Nonetheless,
7   plaintiff seeks to recover attorney fees at a rate greater than
8   $125.00 per hour to account for inflation.  Defendant opposes the
9   petition and seeks the reduction of any fees award.  Defendant's sole
10  argument in this regard is that 69.65 hours of attorney time is
11  unreasonable.  Defendant does not contest the cost of living
12  adjustment above the statutory cap of $125.00.

## ANALYSIS

14          The EAJA provides that "a court shall award to a prevailing
15  party ... fees and other expenses ... incurred by that party in any
16  civil action ... brought by or against the United States ... unless
17  the court finds that the position of the United States was
18  substantially justified."  28 U.S.C. § 2412(d)(1)(A).  See also
19  Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).  "Fees and other
20  expenses" include "reasonable attorney fees."  28 U.S.C. §
21  2412(d)(2)(A).  "The statute explicitly permits the court, in its
22  discretion, to reduce the amount awarded to the prevailing party to
23  the extent that the party 'unduly and unreasonably protracted' the
24  final resolution of the case."  Atkins, 154 F.3d at 987 (quoting 28
25  U.S.C. §§ 2412(d)(1)(C), 2412(d)(2)(D)).  The prevailing party must
26  /////

2

1 apply for attorney fees within thirty days of the final judgment in
2 the action.  28 U.S.C. § 2412(d)(1)(B).

3      A party who obtains a remand for further proceedings in a
4 social security case is a prevailing party for purposes of the EAJA.
5 Shalala v. Schaefer, 509 U.S. 292, 296-302 (1993); see also Gutierrez
6 v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001)("An applicant for
7 disability benefits becomes a prevailing party for the purposes of
8 the EAJA if the denial of her benefits is reversed and remanded
9 regardless of whether disability benefits ultimately are awarded.").
10 Accordingly, it is undisputed that plaintiff is a "prevailing party"
11 in this case.  It is also undisputed that the position of the
12 Commissioner was not "substantially justified," and that plaintiff
13 did not "unduly and unreasonably" protract the litigation of the
14 case.  Thus, defendant concedes that plaintiff is entitled to an
15 award of attorney fees.  As indicated above, however, defendant
16 contends that the amount of attorney time claimed by plaintiff is
17 unreasonable.

18      In this regard, 28 U.S.C. § 2412(d)(2)(A) expressly
19 provides for an award of "reasonable" attorney fees.  However, "there
20 is more to deciding what is a 'reasonable' fee than calculating a
21 reasonable expenditure of hours times a reasonable rate."  Atkins,
22 154 F.3d at 989 (citing Hensley v. Eckhart, 461 U.S. 424 (1983)).
23 The court must also consider "'the relationship between the amount of
24 the fee awarded and the results obtained.'"  Id. (quoting Hensley,
25 461 U.S. at 437.)
26 /////

3

Here, plaintiff's counsel secured a remand for further proceedings. Defendant argues that the claimed 69.65 hours of attorney time is excessive. Having carefully reviewed the pending petition, the court agrees that the claimed 69.65 hours is an excessive amount of attorney time to have expended on this matter in light of the straightforward nature of the issues presented, the expertise of plaintiff's counsel and in comparison with the amount of time devoted to similar tasks by counsel in other social security appeals coming before this court.

The undersigned declines to conduct a line-by-line analysis of counsel's billing entries. See, e.g., McDannel v. Apfel, 78 F. Supp. 2d 944, 954 (S.D. Iowa 1999) and Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Hawaii 1993). However, as a general matter the court finds that the amount of time claimed in connection with reviewing the administrative record and preparing plaintiff's moving papers on his motion for summary judgment (54 hours) is beyond the high end of the appropriate range for such tasks. The court appreciates that social security cases are often fact-intensive and also is mindful of the successful result obtained by counsel. However, the few issues raised in plaintiff's motion for summary judgment were not unique. In light of the straightforward nature of those issues, and given the expertise of plaintiff's counsel in this area, the court finds that a reduction of the attorney time charged is warranted. Specifically, the hours reflected in counsel's declaration should be reduced from 69.65 hours to a total of 47.65 hours. Such a fee award is reasonable in light of the tasks

4

performed, the work produced and is more consistent with this court's EAJA fee orders in similar social security appeals. This would amount to a total award of $7,073.44 and can be broken down as follows:

```
2003: 38.85 hours X $147.72 = $5,738.92;
2004: 8.8 hours X $151.65  =  $1,334.52 [1]
                              $7,073.44
```

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's petition for attorney fees be granted in part and denied in part. It is recommended that counsel for plaintiff be awarded $7,073.44 in attorney fees.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, any party may

---

[1] The EAJA adjusted hourly rates set forth above were computed by multiplying the basic EAJA rate by the consumer price index for urban consumers ("CPI-U") for the year in which the fees were earned, and then dividing the product by the CPI-U in the month that the cap was imposed (which is March, 1996 for this post-amendment). See Sorenson v. Mink, 239 F.3d 1140, 1148 (9th Cir. 2001)(detailing how cost of living adjustment to the statutory cap is computed). The hourly rates above differ slightly from those set forth in the petition filed by plaintiff since plaintiff relied on the regional change in cost of living for his calculations. The undersigned has used the national change in cost of living to adjust the cap because "if Congress had wanted to allow for the cost of living adjustments in a particular region or city, it could have done so in the statute." Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993). However, the undersigned recognizes that there is a split of authority on whether to use the national or local (or even regional) CPI to calculate the rate of inflation over the hourly EAJA rate. See Mannino v. West, 12 Vet. App. 242, 243-44 (1999)(gathering cases).

5

1 file written objections with the court and serve a copy on all
2 parties.  Such a document should be captioned "Objections to
3 Magistrate Judge's Findings and Recommendations."  Any reply to the
4 objections shall be served and filed within five (5) days after
5 service of the objections.  The parties are advised that failure to
6 file objections within the specified time may waive the right to
7 appeal the district court's order.  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d
8 1153 (9th Cir. 1991).
9 DATED: June 8, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1\orders.socsec\kafouros.attyfees